JONES, Appellant, v. GEERY et al.

Division Two, January 23, 1900.

Setting Aside Deed: VALID CONSIDERATION: GIFT. An old man, 85 years old, conveyed his farm worth $3,000 to his two sons, in consideration that they would pay his debt of $2,300 and take care of him the remainder of his life.   A creditor, who had judgment against him for $250, tried to have the deed set aside on the ground that it was partially voluntary.   Held, first, that the consideration for the land was adequate to support the deed, and, second, there is no evidence whatever that it was a gift, and hence the deed can not be set aside.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

J. D. Hostetter, J. B. Jones and Sam. G. Pollard for appellant.

(1)   A conveyance wholly or partially voluntary which renders the grantor insolvent, can always be set aside at the

instance of an existing creditor, without any proof of fraudu-
lent intent either on the part of the grantor or grantee, because
a man must be "just before he is generous" and can not give
away property as against existing debts. 8 Am. and Eng.
Ency. of Law, 752; Loes v. Murphy, 45 Mo. App. 519; Bump
on Fraud. Conv. (3 Ed.), 272. (2) Where such a convey-
ance is attached by a subsequent creditor it may be necessary to
prove intent to defraud, but not so as to existing creditors. The
law stamps the act of donating one's property under such cir-
cumstances as fraudulent, as where the grantor is embarrassed
or is made insolvent by the conveyance attacked. Snyder v.
Free, 114 Mo. 360.

*Fagg & Ball* for respondents.

To uphold a conveyance as to existing creditors, all that
need be shown is that it was made for "a substantially valuable
consideration." Tiedeman on Real Prop., sec. 802.

GANTT, P. J.—This is an appeal from a decree of the
circuit court of Pike county, dismissing a bill in equity to set
aside a deed from Robert Geery, Sr., to Robert Geery, Jr.,
and Andrew Geery, to certain lands in Pike county. The
cause has been certified to this court because the title to real
estate is involved. The farm involved is variously estimated
to be worth from $3,000 to $4,000.

Robert Geery, the grantor, was an old man in his eighty-
fifth year. When an old man and a widower, he married a
second time and conveyed his farm to his second wife and her
children. They afterwards separated and he brought suit to
set aside his deed and that action resulted in setting aside the
deed, but givng the wife judgment for $1,300. Attorney's
fees and other charges swelled the total of the old gentleman's
indebtedness to about $2,300. At the solicitation of the old
man's counsel his two sons, Andrew and Robert, Jr., were
induced to assume his indebtedness and undertake to provide

for his support the remainder of his life, and upon these terms he conveyed the land to them. They borrowed enough on the land to liquidate his debts above mentioned and paid them. Thereafter the plaintiff, who is a son-in-law, brought suit against the old man and recovered judgment for $250 for board alleged to have been furnished the old man, and now seeks to have the deed set aside as voluntary, and the farm subjected to the payment of said judgment for board. The circuit court found for defendant, and plaintiff appeals.

There is no pretense whatever that the conveyance was the result of any actual fraud. Indeed, it appears that it was executed with the knowledge of plaintiff and if not with his full consent certainly without any objection at the time. Nor is the claim made that it was a voluntary conveyance, but only that it was partially so.

The proposition is that as the proof shows the farm to be worth $3,000, there was a gift of $700 by Robert Geery, Sr., to his sons Andrew and Robert, that being the difference between the $2,300 of debts they assumed and paid and the value of the farm. These figures however ignore the further undertaking of the sons to support and care for their father the remainder of his life. The value of such services plaintiff has fixed at $250 a year. At that rate it will not take many years to absorb the supposed difference.

As a matter of fact, however, there is no evidence of a gift. Robert Geery, Sr., in the absence of fraud had a right to sell his farm to his sons in order to pay his debts, and if the price agreed upon was not grossly inadequate, the good faith of the transaction is not open to an attack like this. It appears that plaintiff was not able to buy the farm, but is not satisfied with the trade the old gentleman made for himself.

Plaintiff testifies that he voluntarily paid over to the old man $285 which he had been keeping for him, after the deed was made to the sons.

Plaintiff's effort to set aside this deed under all the evi-

dence smacks strongly of an afterthought, and does not commend itself to the conscience of a court of equity.

We see no reason for interfering with the conclusion of the circuit court, and its judgment is affirmed. *Sherwood* and *Burgess, JJ.*, concur.